turned to prison." *United States v. Guagliardo,* 278 F.3d 868, 872 (9th Cir.2002).

**AFFIRMED.**

**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Gustavo Encarnacion CASTILLO,**
**Defendant—Appellant.**

**No. 07–30003.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 17, 2007 *.

Filed Nov. 16, 2007.

Paulette L. Stewart, Esq., Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

James B. Obie, Esq., Obie Law, P.C., Helena, MT, for Defendant–Appellant.

Before: REINHARDT and PAEZ, Circuit Judges, and STROM **, Senior District Judge.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

MEMORANDUM ***

Gustavo Encarnacion Castillo appeals his prison sentence of 36 months imposed by the district court following his guilty plea to illegal re-entry of a deported alien, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Castillo argues that the sentence is unreasonable because the district court did not adequately state its reasons for imposing a sentence above the applicable advisory Sentencing Guidelines range and did not properly consider other sentencing factors under 18 U.S.C. § 3553(a). We review for reasonableness a sentence imposed above the applicable advisory Sentencing Guidelines range. *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *United States v. Mohamed,* 459 F.3d 979, 987 (9th Cir.2006). Where, as here, the district court determines that the Sentencing Guidelines do not adequately take into account the § 3553(a) factors, the court may impose a sentence outside of the applicable range. *United States v. Cantrell,* 433 F.3d 1269, 1279 (9th Cir.2006). To facilitate appellate review, "district courts must provide specific reasons for their sentencing decisions, such that the record on appeal demonstrates explicit or implicit consideration of the sentencing factors set forth in § 3553(a)." *Mohamed,* 459 F.3d at 985.

We have carefully considered the sentencing record, and we conclude that the district court's sentence was reasonable. To the extent Castillo challenges the ade-

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

quacy of the reasons provided by the district court, we conclude that the district court provided a thorough discussion of the § 3553(a) sentencing factors and the other reasons it relied upon in determining Castillo's sentence. To that end, the district judge provided sufficient valid reasons for imposing a sentence in excess of the applicable Sentencing Guidelines range.

**AFFIRMED.**

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.